UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61704-CIV-COHN/WHITE

CLARENCE WARD,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

**THIS CAUSE** is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b) [DE 38]. The Court has considered the Motion, the record in this case and is otherwise advised in the premises.

> Rule 60(b) of the Federal Rules of Civil Procedure provides:
>
> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The purpose of a Rule 60(b) motion is to permit the district court to reconsider matters and to correct obvious errors or injustices. Carter By and Through Carter v. United States, 780 F.2d 925, 927 (11th Cir. 1986).

The Petitioner argues that the instant Rule 60(b) Motion "is not attacking the underling conviction of sentence, but the integrity of the § 2255 proceeding based on the court's failure to resolve all claims presented in Petitioner's § 2255 motion." DE 38

at 4.  Specifically, Mr. Ward argues that the United States Magistrate Judge and this Court failed to address Ward's argument that "counsel was ineffective for erroneously advising [Mr. Ward] that he would be pleading to a minimum mandatory sentence of life imprisonment at the October 1, 2004, arraignment, when the evidence shows that the government had not yet filed the § 851 Information." Id. at 5-6.

Mr. Ward's Rule 60(b) Motion fails on the merits.  Mr. Ward's counsel prepared a letter dated August 19, 2004 ("Letter") which outlined the various sentencing possibilities in Ward's case.  The letter clearly states the following:

> Under U.S.C. 21 § 851, the government may seek to enhance the maximum penalties by filing a notice/information that you have been previously convicted of a controlled substance offense.
>
> If the government files [a] notice under § 851 and proves to the Court that you have two prior convictions for controlled substance offenses, **the mandatory penalty for Count 1 (50 gram count) is life imprisonment**.

Letter at 1-2 (emphasis in original).  The Letter also discusses plea negotiations:

> The prosecutor assigned to your case has indicated that she is willing to allow you to plead to a 15 year (180 month sentence).  I have asked her to agree to a 10 year plea arrangement.  However, she won't agree to that.  It is my opinion that a 15 year sentence is a reasonable plea offer considering the amount of exposure you are facing.  The government can file an 851 enhancement at anytime before trial or guilty plea.  I remind you again if the government files an 851 and proves to the judge that you have two prior drug offenses, and you are convicted of Count I, **the mandatory penalty is life**.  The prosecutor is on vacation now.  However, I will ask her to consider allowing you to plead to a 151 month sentence, 12 year, 7 month sentence.

Id. at 4 (emphasis in original).  Therefore, Mr. Ward's counsel properly advised him that Ward was facing a life sentence "if the government files an 851 and proves to the judge that you have to prior drug offenses." Id.  In addition, Mr.

2

Ward's counsel wrote a subsequent letter, dated July 17, 2006, which states the following:

> Mr. Ward I am in receipt of your letter postmarked July 13, 2006. I must say I was somewhat surprised when you said I did not tell you that you could have pled guilty and not receive an 851 enhancement. Not only did I tell you several times, I wrote you a letter explaining you option to plead guilty. Not only did I explain it to you, I explained it to your mother, your stepfather and other members of your family.

Accordingly, there is no merit to Ward's argument this his counsel was ineffective for providing incorrect information regarding the potential sentence Ward faced.

Mr. Ward's Rule 60(b) Motion is also procedurally improper. In fact, United States Magistrate Judge White did address the claim discussed in Ward's Rule 60(b) Motion. In his Report and Recommendation [DE 14], Judge White describes claim one in Mr. Ward's § 2255 motion as follows: "the movant asserts that he was denied effective assistance of counsel, where his lawyer misadvised him regarding his plea options and sentencing exposure." DE 14 at 5. Judge White then goes on to discuss the Letter and the merits of this claim, ultimately concluding that Mr. Ward is unable to establish that his counsel was ineffective.

In adopting Judge White's Report and Recommendation, this Court also discussed the Letter and Ward's claim of ineffective assistance of counsel. "The Court is unable to se how a review of this letter would have dissuaded [Ward] from pleading guilty if he were otherwise so inclined. Furthermore, the Court sees no inaccuracies in the information provided to Mr. Ward in this letter. Accordingly, the Court finds no ineffective assistance of counsel and no prejudice caused to Mr. Ward with respect to the advice provided regarding sentencing exposure and

options to plead guilty." DE 18 at 2. Therefore, Mr. Ward Rule 60(b) Motion must be denied.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b) [DE 38] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of January, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Clarence Ward
71029-004
U.S.P Coleman # 1
PO Box 1033
Coleman, Fl 33521