UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61704-CIV-COHN/WHITE

CLARENCE WARD,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Petitioner's Motion for Reconsideration of the Denial of Petitioner's Fed. R. Civ. Proc. Rule 60(b) Motion [DE 40] ("Motion for Reconsideration"). The Motion requests that the Court reconsider its Order Denying Motion for Relief from Judgment [DE 39]. The Court has considered Petitioner's Motion for Reconsideration, the record in this case and is otherwise advised in the premises.

1. **Merits**

Petitioner's underlying Rule 60(b) Motion was based in part on Petitioner's claim that his counsel was ineffective due to allegedly mistaken advice counsel provided to Petitioner at an October 1, 2004 arraignment. Petitioner further contended that United States Magistrate Judge White and this Court did not address this argument. To the contrary, the Report of Magistrate Judge states the following: "The movant next appears to argue that counsel erred in failing to advise him that he could have entered a guilty plea at the time of his arraignment on the Superceding Indictment, in order to avoid the government's § 851 enhancement." DE 14 at 11. Judge White then goes on

to focus on an August 19, 2004 letter prepared by Petitioner's counsel which advised Petitioner "that he could avoid the § 851 enhancement if he pleaded guilty to the government's 15-year plea offer. The [Petitioner] was cautioned that the government, however, could file the § 851 notice at any time before trial or entry of a guilty plea." Id. (citations omitted). In denying Petitioner's Rule 60(b) motion, this Court also placed great weight on the August 19, 2004 letter. See DE 39 at 2. This Court and Judge White did not ignore Petitioner's argument, but instead focused on a contemporaneous document which countered Petitioner's statements.

2.  **Procedure**

Petitioner has filed two habeas petitions attacking his conviction and sentence. See 06-cv-61704 at DE 1; 09-cv-60408 at DE 1. A Rule 60(b) motion may be treated as a successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524 (2005); see also Gonzalez v. Sec'y Dep't of Corr., 366 F.3d 1253, 1262 (11th Cir.2004). Petitioner's Rule 60(b) Motion attempted to rely on the "defect in the integrity of the . . . proceedings" exception to avoid complying with the requirements of the Antiterrorism and Effective Death Penalty Act. Petitioner's attempt was premised on the above claim that the Court neglected to address one of his arguments. As discussed, the Court rejected Petitioner's claim on the merits; therefore, Petitioner's Rule 60(b) Motion was treated as a successive habeas petition. Accordingly, Petitioner's Rule 60(b) Motion was denied because it was procedurally improper. See DE 39 at 3.

Moreover, Petitioner raised the same issue that formed the basis of his Rule 60(b) Motion in his Motion for Certificate of Appealability [DE 24]. There, Petitioner requested appellate review regarding "the misadvice counsel provided regarding

sentencing exposure and plea option during the October 1, 2004 arraignment." DE 24 at 4.  The Eleventh Circuit denied Petitioner's Motion for Certificate of Appealability in an order filed June 26, 2008.  See DE 31; see also DE 33 (Eleventh Circuit denying related motion for reconsideration).

The instant Motion for Reconsideration does not present any new evidence or information that would change the results set forth above.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration [DE 40] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __18th__ day of May, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record